## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No.:_____ Judge:_____

**IAN ANTHONY MEDINA**,

      Plaintiff,

v.

**FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS AND STATE BAR OF GEORGIA**,

      Defendants.

_____/

FILED BY_____D.C.

OCT 29 2021

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - MIAMI

**JURY TRIAL DEMANDED**

## COMPLAINT AND DEMAND FOR JURY TRIAL

**COMES NOW,** Plaintiff, **IAN ANTHONY MEDINA**, and hereby files this Complaint against Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** demanding trial by jury as follows:

## PARTIES

1. Plaintiff **IAN ANTHONY MEDINA** is a natural born person, born and raised in Miami, Florida, law school graduate from Emory University School of Law in Atlanta, Georgia with residence and domicile at 7443 Loch Ness Drive, Miami Lakes, Florida 33014 within the confines and boundaries of the United States of America and is subject to the jurisdiction of this Honorable Court.

2. Defendant **FLORIDA BOARD OF BAR EXAMINERS** is a state of Florida bar admission institution for law school graduates seeking admission to the bar in Florida incorporated and with principal place of business at 1891 Eider Court, Tallahassee, Florida 32399 and is subject to the jurisdiction of this Honorable Court.

3. Defendant **FLORIDA BAR** is a state of Florida bar institution for attorneys incorporated and with principal place of business at 651 East Jefferson Street, Tallahassee, Florida 32399 and is subject to the jurisdiction of this Honorable Court.

4. Defendant **GEORGIA OFFICE OF BAR ADMISSIONS** is a state of Georgia bar admission institution for law school graduates seeking admission to the bar in Georgia

incorporated and with principal place of business at 330 Capitol Avenue SE, Suite L200, Atlanta, Georgia 30334 and is subject to the jurisdiction of this Honorable Court.

5. Defendant **STATE BAR OF GEORGIA** is a state of Georgia bar institution for attorneys incorporated and with principal place of business at 104 Marietta Street NW, Suite 100, Atlanta, Georgia 30303 and is subject to the jurisdiction of this Honorable Court.

## LEGAL STANDING

6. Plaintiff **IAN ANTHONY MEDINA** is an aggrieved party that suffered injury and damages as a result of conduct and behavior by Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA**. The case or controversy is ripe for adjudication, justiciable, not a political question and not moot because it involves a real, present, enduring and cognizable dispute at law with injury and damages meriting redress by this Honorable Court swiftly.

## JURISDICTION

7. Jurisdiction is conferred upon the parties and this Honorable Court under federal question jurisdiction and diversity jurisdiction. 28 U.S.C. §§ 1331, 1332 (2021).

## VENUE

8. Venue is proper in the Southern District of Florida.

## FACTUAL BASIS

9. Plaintiff **IAN ANTHONY MEDINA** graduated from Emory University School of Law on or about May 2019 in Atlanta, Georgia. *See* Exhibit 1. Plaintiff **IAN ANTHONY MEDINA** sought admission to the Defendant **STATE BAR OF GEORGIA** and Defendant **FLORIDA BAR** shortly thereafter. Plaintiff **IAN ANTHONY MEDINA** was submitted to questioning regarding his mental health, psychiatric conditions, health status, medical treatment and diagnosis by Defendants **FLORIDA BOARD OF BAR EXAMINERS** and **GEORGIA OFFICE OF BAR ADMISSIONS**. Plaintiff **IAN ANTHONY MEDINA** was unlawfully denied character and fitness clearance and was denied admission to the state bars despite being competent and qualified to practice law as an attorney. As such, Plaintiff **IAN ANTHONY MEDINA** is under a solid and bulletproof consistent psychiatric treatment that enables him to practice law without hindrance. As a proximate and actual result of Defendants unlawful questioning and denial, Plaintiff **IAN ANTHONY MEDINA** suffered immense and irreparable damages. Plaintiff brought suit against Defendant **GEORGIA OFFICE OF BAR ADMISSIONS** in the Supreme Court of Georgia to no avail and now turns to the federal judicial system for redress of grievances, to wit:

## CHARGES

## COUNT 1
Violations of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12101, *et seq.* (2021).

10. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** did unlawfully violate the Americans with Disabilities Act of 1990, *supra,* by unlawfully questioning Plaintiff **IAN ANTHONY MEDINA** regarding his mental health, diagnosis, psychiatric condition and medical treatment as a precursor to admission to the respective state bars and then unlawfully denied Plaintiff **IAN ANTHONY MEDINA** admission to the respective state bars due to his psychiatric conditions, mental health, diagnosis and medical treatment in violation of the Americans with Disabilities Act of 1990. This conduct on behalf of Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** is discriminatory based on disability and violates federal law. *See, e.g.,* Alyssa Dragnich, *Have You Ever…? How State Bar Association Inquiries into Mental Health Violate the Americans with Disabilities Act,* 80 Brook. L. Rev. 677, 718 (2015) (suggesting that a prior diagnosis or mental health issues has "no predictive value of an applicant's ability to practice law in the future").

## COUNT 2
Violations of the Fifth Amendment Due Process Clause, as Applied to The States Under The Fourteenth Amendment Due Process Clause, U.S. Const. amend. V, XIV.

11. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** did unlawfully violate the Fifth Amendment of the Constitution of the United States of America Due Process Clause as applied to the states under the Fourteenth Amendment of the Constitution of the United States of America by violating Plaintiff **IAN ANTHONY MEDINA**'s liberty interests and property interests in his freedom to practice law after being conferred the status of Juris Doctor by Emory University School of Law and his right to earn a living by earning money in the practice of law.

## COUNT 3
Violations of the Fourteenth Amendment Equal Protection Clause, U.S. Const. amend. XIV.

12. Plaintiff **IAN ANTHONY MEDINA** belongs to the protected classes of race, color, ethnicity and national because despite the fact that he was born in the United States of America and is American, he is of Hispanic/Latino, Asian and Middle Eastern origin, ancestry and heritage. *See Shelley v. Kraemer,* 334 U.S. 1, 23 (1948). Moreover, Plaintiff **IAN ANTHONY MEDINA** belongs to the protected classes of religion because he is Judeo-christian practicing both Judaism and Christianity. *See Church of Lukumi Babalu Aye, Inc. v. City of Hialeah,* 508 U.S. 520, 580 (1993). In addition, Plaintiff **IAN ANTHONY MEDINA** belongs to the protected classes of sex because he is gay/homosexual and part of the

LGBTQ community. *See Bostock v. Clayton County, Georgia,* 2020 U.S. LEXIS 3252, at *1 (2020). Further, Plaintiff **IAN ANTHONY MEDINA** belongs to the protected classes of disability because he has mental infirmity of bipolar disorder, schizophrenia, generalized anxiety disorder, panic disorder, attention deficit hyperactivity disorder and insomnia. *See City of Cleburne v. Cleburne Living Center, Inc.,* 473 U.S. 432, 455 (1985); *Bragdon v. Abbott,* 524 U.S. 624, 665 (1998).

13. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** did unlawfully violate the Fourteenth Amendment of the Constitution of the United States of America by rendering unequal protection of the laws in disparate intent and disparate impact in application of the laws of the respective states in discriminatory practices based on race, color, national origin or ancestry, ethnicity, religion, sex and disability in violation of federal law.

14. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** learned Plaintiff **IAN ANTHONY MEDINA** belonged to these protected classes by reading his medical records protected by the Health Insurance Portability and Accountability Act, *citations omitted.*

15. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** required Plaintiff **IAN ANTHONY MEDINA** to sign a release to retrieve medical records as part of their unlawful character and fitness inquiry of Plaintiff's mental health, diagnosis, treatment and psychiatric conditions.

16. Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** judged Plaintiff **IAN ANTHONY MEDINA** based on the content of his medical records and possessed implicit and/or explicit bias, prejudice and/or discrimination in denying Plaintiff **IAN ANTHONY MEDINA** admission to each respective state bar as an attorney in violation of federal law.

### COUNT 4
Violations of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a)(1), *et. seq.* (2021).

17. As explained above, Plaintiff **IAN ANTHONY MEDINA** belongs to several protected classes meriting judicial scrutiny and constitutional scrutiny of Defendants **FLORIDA BOARD OF BAR EXAMINERS, FLORIDA BAR, GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA**'s conduct and behavior in: (1) an unlawful query of Plaintiff IAN ANTHONY MEDINA's mental health, medical treatment, infirmity, psychological status and psychiatric conditions; and (2) denial of Plaintiff **IAN ANTHONY MEDINA**'s admission to each respective state bar association based on mental

health, medical treatment, infirmity, psychological status and/or psychiatric conditions despite having no evidence that these conditions would hinder or detrimentally impact Plaintiff **IAN ANTHONY MEDINA**'s practice of law in violation of federal law. Moreover, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA**'s rely on unreliable and self-serving medical records by doctors and medical professionals that know nothing about the practice of law and barely even know how to write a cohesive set of facts as proved after a reading of Plaintiff **IAN ANTHONY MEDINA**'s medical records. Moreover, these doctors and medical professionals have ill-will and malice towards Plaintiff **IAN ANTHONY MEDINA** as proved after a reading of Plaintiff **IAN ANTHONY MEDINA**'s medical records. The lack of professionalism on behalf of these doctors and medical professionals strips them of all credibility and these medical records are not dispositive of Plaintiff **IAN ANTHONY MEDINA**'s ability and competence to practice law.

18. As such, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** did unlawfully violate Title VII of the Civil Rights Act of 1964 by questioning Plaintiff **IAN ANTHONY MEDINA** regarding his mental health, psychiatric conditions, medical treatment and/or psychological status, accessing his medical records by required Health Insurance Portability and Accountability Act release and learning confidential information in medical records of Plaintiff **IAN ANTHONY MEDINA**, such as his race, ethnicity, color, national origin or ancestry, religion, sexual orientation (sex) and disability.

19. Then, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** denied Plaintiff **IAN ANTHONY MEDINA** admission to each respective state bar preventing him from practicing law in each state after earning his Juris Doctor degree from Emory University School of Law in violation of federal law.

## COUNT 5
Violations of the Louisiana Consent Decree, Settlement Agreement Between the United States of America and the Louisiana Supreme Court Under the Americans with Disabilities Act (Aug. 14, 2014), *available at* https://www.ada.gov/louisiana-supreme-court_sa.htm.

20. Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** are violating the Louisiana Consent Decree and abusing the fact that the case was settled and did not reach the Supreme Court of the United States. Plaintiff **IAN ANTHONY MEDINA** respectfully asks this Honorable Court to enforce the Louisiana Consent Decree in accord with the interests of the federal government and federal law. Thus, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** are in violation of federal law. Although Florida made changes to its law licensing scheme mental health query and created an unlawful conditional licensing scheme, both are insufficient to meet the standards necessary to satisfy the

Louisiana Consent Decree as provided above in violation of federal law. *See generally* Jon Bauer, *The Character of the Questions and the Fitness of the Process: Mental Health, Bar Admissions and the Americans with Disabilities Act*, 49 UCLA L. Rev. 93 (2001) & Alyssa Dragnich, *Have You Ever…? How State Bar Association Inquiries into Mental Health Law Violate the Americans with Disabilities Act,* 80 Brook. L. Rev., Issue 3 (2015).

21. It is worthy to note that Plaintiff **IAN ANTHONY MEDINA**'s position in this litigation is also the position and stance of the American Bar Association, the national and federal bar association institution. Unfortunately, the federal government has delegated law licensing from the American Bar Association to individual state bar associations. If the respective state bars refuse to eliminate unlawful mental health query from their law licensing scheme, then Plaintiff **IAN ANTHONY MEDINA** respectfully asks this Honorable Court to intervene and retake the power conferred onto the respective state bars back to the federal government because the federal government's position on the issues raised by this litigation are clear: mental health queries and denials based on mental health in law licensing is unlawful and states have failed to act accordingly under the Louisiana Consent Decree thereby mocking the federal government and usurping its authority and preemption in violation of federal law.

## COUNT 6
Violations of the Health Insurance Portability and Accountability Act, *citations omitted.*

22. Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** did unlawfully violate the Health Insurance Portability and Accountability Act by requiring Plaintiff IAN ANTHONY MEDINA to sign a waiver and/or release as a precursor to maybe obtaining character and fitness clearance for law licensing in violation of federal law.

23. Moreover, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** unlawfully denied Plaintiff **IAN ANTHONY MEDINA** of law licensure based on unreliable medical records indicative of disability obtained by coercion and/or force in violation of federal law.

## COUNT 7
Violations of the Sherman Act, the Federal Trade Commission Act and the Clayton Act ("Antitrust Acts"), *citations omitted.*

24. The Antitrust Acts outlaws "every contract, combination, or conspiracy in restraint of trade," and any "monopolization, attempted monopolization, or conspiracy or combination to monopolize." Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** mental health query in law licensing schemes and denials based on mental health are conspiracy in restraint of trade because it hinders and/or limits individuals, such as Plaintiff **IAN ANTHONY MEDINA** from practicing law and earning a living the business of law. Further,

it is a monopolization, attempted monopolization, or conspiracy or combination to monopolize by rendering barriers to entry to the legal profession precluding diversity in the legal profession and monopolizing the practice of law as a solely White, solely straight/heterosexual and solely Christian trade in violation of federal law.

25. Thus, Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** are unlawfully violating the Antitrust Acts in violation of federal law.

### **PRAYER FOR RELIEF**

26. Plaintiff **IAN ANTHONY MEDINA** prays for relief in judicial intervention by the federal government and trial by jury as follows: (a) injunction preventing or stopping Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** from prosecuting Plaintiff **IAN ANTHONY MEDINA,** either civilly and/or criminally, for the unauthorized practice of law anticipatorily and/or retroactively; (b) declaratory judgment decreeing Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA**'s law licensing scheme unlawful because it illegally questions bar applicants regarding their mental health, psychological status, medical treatment, infirmity and/or diagnosis; (c) declaratory judgment decreeing Plaintiff **IAN ANTHONY MEDINA** as an attorney and member of each respective state bar thus granting Plaintiff **IAN ANTHONY MEDINA** character and fitness clearance and admission to the state bars without examination as partial compensation for damages suffered; (d) order all states to amend their law licensing scheme consistent with federal law on these issues in litigation; (e) if all states refuse to amend their law licensing scheme consistent with federal law, then the federal government shall retain authority that was delegated to the states in law licensing conferring onto the American Bar Association the task of licensing attorneys in the entire United States of America; (f) award of damages for lost wages, pain and suffering and punitives in an amount to be proven at trial as determined by the enlightened conscious of the jury; and (g) any and all relief deemed just and necessary by this Honorable Court.

**WHEREFORE**, Plaintiff **IAN ANTHONY MEDINA** files this Complaint against Defendants **FLORIDA BOARD OF BAR EXAMINERS**, **FLORIDA BAR**, **GEORGIA OFFICE OF BAR ADMISSIONS** and **STATE BAR OF GEORGIA** and respectfully asks this Honorable Court for federal intervention because these states are violating federal law.

Respectfully Submitted and Dated This 29th Day of October, 2021.

/s/ Ian A. Medina, Esq.
**IAN ANTHONY MEDINA**
Plaintiff/Attorney
Miami, Florida USA

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished to the United States District Court For The Southern District of Florida filed in person at:

Angela E. Noble
Clerk of Court
United States District Court For The Southern District of Florida
United States of America
400 North Miami Avenue
Miami, Florida 33128.

**WE FURTHER CERTIFY** that a true and correct copy of the foregoing was furnished to the above-named Defendants' counsel at:

Ashley Moody, Esq.
Office of the Attorney General
State of Florida
PL-01 The Capitol
Tallahassee, Florida 32399

Chris Carr, Esq.
Office of the Attorney General
State of Georgia
40 Capitol Square SW
Atlanta, Georgia 30334

Respectfully Submitted and Dated This 29th Day of October, 2021.

/s/ Ian A. Medina, Esq.
**IAN ANTHONY MEDINA**
Plaintiff/Attorney
Miami, Florida USA