**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**Case No. 21-cv-23821-BLOOM/Otazo-Reyes**

IAN ANTHONY MEDINA,

     Plaintiff,

v.

FLORIDA BOARD OF BAR EXAMINERS,
FLORIDA BAR,
GEORGIA OFFICE OF BAR ADMISSIONS,
and STATE BAR OF GEORGIA,

     Defendants.

_____/

**ORDER ON MOTION TO PROCEED *IN FORMA PAUPERIS***

**THIS CAUSE** is before the Court upon Plaintiff Ian Anthony Medina's ("Plaintiff")

Motion for Leave to Proceed *In Forma Pauperis*, ECF No. [3] (the "Motion"), filed on October

29, 2021. The Court has reviewed the Motion, the record in this case, the applicable law, and is

otherwise fully advised. For the reasons set forth below, Plaintiff's Motion is denied.

Fundamental to our conception and system of justice is that the courthouse doors will not

be closed to persons based on their inability to pay a filing fee. However, "proceeding *in forma

pauperis* is a privilege, not a right." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986). The

privilege of using the federal courts for free to right an individual civil wrong should be granted

"sparingly." *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 (11th Cir. 2004) (quoting

*Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975)). Congress has provided

that a court "may authorize the commencement . . . or prosecution of any suit, action or proceeding

. . . or appeal therein, without the prepayment of fees . . . therefor, by a person who submits an

affidavit that includes a statement of all assets such [person] possesses that the person is unable to

pay such fees . . . ." 28 U.S.C. § 1915(a)(1); *see Martinez*, 364 F.3d at 1306 n.1 (interpreting statute to apply to all persons seeking to proceed *in forma pauperis* ("IFP")).

Section 1915 requires a determination as to whether "the statements in the [applicant's] affidavit satisfy the requirement of poverty." *Watson v. Ault*, 525 F.2d 886, 891 (5th Cir. 1976). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (IFP status need not be granted where one can pay or give security for the costs "and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services (HHS) poverty guidelines are central to an assessment of an applicant's poverty. *See Taylor v. Supreme Court of New Jersey*, 261 F. App'x 399, 401 (3d Cir. 2008) (using HHS Guidelines as basis for section 1915 determination); *Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines). The section 1915 analysis requires "comparing the applicant's assets and liabilities in order to determine whether he has satisfied the poverty requirement." *Thomas v. Chattahoochee Judicial Circuit*, 574 F. App'x 916, 917 (11th Cir. 2014). Permission to proceed *in forma pauperis* is committed to the sound discretion of the court. *Camp*, 798 F.2d at 437 ("[P]ermission to proceed [IFP] is committed to the sound discretion of the court."); *Thomas*, 574 F. App'x at 916 ("A district court has wide discretion in ruling on an application for leave to proceed IFP.").

Plaintiff's IFP application states that he is unemployed and has no income. *See* ECF No. [3] at 1. Plaintiff further states that he has $227.31 in cash or in a checking or savings account, no assets, and no expenses. *See id.* at 2. The Court requires additional financial information to substantiate these claims. *See Kareem v. Home Source Rental*, 986 F. Supp. 2d 1345, 1346 (S.D.

Ga. 2013) ("It undeniably costs money to live . . . . Wary of such claims and cognizant of how easy one may consume a public resource with no financial skin in the game, the Court has demanded supplemental information.").

Accordingly, Plaintiff shall provide the following information to the Court:

(1) What he spends each month for basic living expenses such as food, clothing, shelter, and utilities, and the dollar value of any public or private assistance he may receive;

(2) The source of funds to pay for those expenses;

(3) Whether he owns any means of transportation and, if he does not, whether he has regular access to a means of transportation owned by someone else;

(4) Whether he possesses a cellular telephone, TV set, and any home electronics equipment;

(5) Whether he has any credit or debit cards;

(6) Whether he is the account owner, or has signature power, as to any accounts with a bank or other financial institution;

(7) Whether he anticipates any future income within the next year; and,

(8) A list of any other cases showing an indigency-based filing fee reduction or waiver granted by any other court (include the full case name, case number, and the name of the court granting the reduction or waiver).

Plaintiff must declare these facts to be true under penalty of perjury. If he does not use a preprinted IFP form to respond, he must insert this above his signature: "I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(1).

Case No. 21-cv-23821-BLOOM/Otazo-Reyes

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, **ECF No. [3]**, is **DENIED WITHOUT PREJUDICE**. Plaintiff may submit a new IFP Motion, subject to the above instructions, on or before **November 16, 2021**. Failure to do so by this date will result in a dismissal of this case without further notice.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 2, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ian Anthony Medina
7443 Loch Ness Drive
Miami Lakes, FL 33014
PRO SE