UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 21-cv-23821-BLOOM/Otazo-Reyes

IAN ANTHONY MEDINA,

    Plaintiff,

v.

FLORIDA BOARD OF BAR EXAMINERS,
FLORIDA BAR,
GEORGIA OFFICE OF BAR ADMISSIONS,
and STATE BAR OF GEORGIA,

    Defendants.
_____/

## ORDER GRANTING LEAVE TO APPEAL
## *IN FORMA PAUPERIS*

**THIS CAUSE** is before the Court upon Plaintiff's Motion for Permission to Appeal *In Forma Pauperis* and Affidavit, ECF No. [6] ("IFP Motion"). On October 29, 2021, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, ECF No. [3] ("Initial IFP Motion"). On November 2, 2021, the Court entered an Order denying without prejudice the Initial IFP Motion, ECF No. [4], ("Order"). In the Order, the Court stated that it required additional financial information to verify Plaintiff's claims that he has $227.31 in cash or in a checking or savings account, no assets, and no expenses. *See id.* at 2. The Court also stated that Plaintiff was permitted to submit a new motion with financial information substantiating his claims. *See id.* at 3-4.

Instead of filing a new motion with additional financial information, on November 8, 2021, Plaintiff filed a notice of appeal of the Court's Order. *See* ECF No. [5]. In the instant IFP Motion, Plaintiff seeks to appeal *in forma pauperis*. *See* ECF No. [6]. The Court has carefully reviewed the

IFP Motion, the record in this case, the applicable law, and is otherwise fully advised. For the reasons stated below, the IFP Motion is granted.

> Federal Rule of Appellate Procedure 24 provides that
>
> a party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:
> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms, the party's inability to pay or to give security for fees and costs;
> (B) claims an entitlement to redress; and
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1). An applicant's "affidavit will be held sufficient if it represents that the litigant, because of his poverty, is unable to pay for the court fees and costs, and to support and provide necessities for himself and his dependents." *Martinez*, 364 F.3d at 1307; *see also Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948) (*in forma pauperis* status is demonstrated when, because of poverty, one cannot "pay or give security for the costs and still be able to provide himself and dependents with the necessities of life."). The Department of Health and Human Services ("HHS") poverty guidelines are central to an assessment of an applicant's poverty. *See Lewis v. Ctr. Mkt.*, 378 F. App'x 780, 784 (10th Cir. 2010) (affirming use of HHS guidelines); *see also* Annual Update of the HHS Poverty Guidelines, 86 Fed. Reg. 7732 (Feb.1, 2021).

Upon review of the IFP Motion, the Court concludes that the IFP Motion complies with Rule 24. First, in accordance with Fed. R. App. P. 24(a)(1)(A), Plaintiff states his inability to pay or to give security for fees and costs in the detail prescribed by Form 4 of the Appendix of Forms. ECF No. [6] at 2-5. Plaintiff claims that he is currently self-employed and earned $500 per month over the past twelve months. *See id.* at 2. Plaintiff states that he has $2.74 in his bank account, no assets, and estimated monthly expenses of $2,270. *See id.* at 3-5. Plaintiff further states that his mother is providing for him. *See id.* at 5. Upon review of the HHS poverty guidelines and after

examining Plaintiff's financial situation, the Court determines that Plaintiff has shown, in the detail prescribed by Form 4 of the Appendix of Forms, his inability to pay or to give security for fees and costs.

Second, in accordance with Fed. R. App. P. 24(a)(1)(B), Plaintiff states, "I believe I am entitled to redress." *Id.* at 1. Lastly, in accordance with Fed. R. App. P. 24(a)(1)(C), Plaintiff states that the issue he is appealing is "[w]hether motion to proceed in forma pauperis should be granted when plaintiff/appellant is living with his mother sharing her bedroom because of law licensure denial." *Id.* The Court construes Plaintiff's statement to indicate that Plaintiff is appealing the Court's Order denying Plaintiff's Initial IFP Motion.[1]

Accordingly, it is **ORDERED AND ADJUDGED** that the IFP Motion, **ECF No. [6]**, is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, on November 10, 2021.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Ian Anthony Medina
7443 Loch Ness Drive
Miami Lakes, FL 33014
PRO SE

---

[1] Plaintiff also states that he is appealing the issue of "[w]hether federal law is violated when state bar institutions questioned Plaintiff/Appellant regarding his mental health and denied him his law license because of his mental health[.]" ECF No. [6] at 1. Because Plaintiff filed an interlocutory appeal of the Court's Order denying Plaintiff's Initial IFP Motion, the Court notes that this second issue is not proper. Nonetheless, because Plaintiff's first issue pertains to the interlocutory appeal, Plaintiff has complied with Fed. R. App. P. 24(a)(C).

3